IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

VAMSIDHAR R. VURIMINDI : CIVIL ACTION
:
v. :
: No. 09-5976
DAN ACHEK, et al. :

**MEMORANDUM**

Ludwig, J. August 27, 2010

On August 11, 2009, plaintiff Vamisidhar Vurimindi, *pro se*, commenced this action in the Philadelphia Court of Common Pleas. On December 16, 2009, it was removed inasmuch as the complaint may be read to assert civil rights claims against the City of Philadelphia and its employees. On January 26, 2010, plaintiff filed an amended complaint.[1] Two motions to dismiss the amended complaint were filed by different defendants.[2]

---

[1] The original complaint (15 pages) was filed in state court on August 11, 2009; the first amended complaint (58 pages) was filed on October 2, 2009; and a second amended complaint (157 pages) was filed on November 17, 2009. That last complaint added civil rights claims against the City and the individually named City employees. As a result, the City defendants removed the action to this court. Notice of Removal, 2-4, docket no. 1. On January 26, 2010, plaintiff's motion for leave to file an amended complaint, docket no. 3, was granted, and the proposed amended complaint - which is the subject of the current motions to dismiss - was deemed filed as of that date. Order, docket no. 13. In this memorandum, the "amended complaint" refers to the complaint filed on January 26, 2010 in this court as part of plaintiff's motion.

[2] Defendants are Dan Achek, Maya Maha Alkansa, Achek Design & Construction Co., Inc., Alex Lopez, ALX General Constuction LLC, Henry I. Langsam, Bart Sacks, S&L Investments, Juliet Whelan, James Gabriel, Edward Devlin, Frances Burns and the City of Philadelphia. The motions were filed by defendant Whelan (docket no. 18) and by the Achek defendants - Achek, Elkansa, and Achek Design (docket no. 20).

Of the remaining defendants, Lopez and ALX have not been served, and plaintiff has requested leave to serve them other than by standard process serving (docket no. 15). The City defendants - the City, Gabriel, Devlin and Burns - removed the action but have not responded to

Given the following history and the reasons outlined below, the motions will be granted and the amended complaint dismissed without prejudice to the filing of another amended complaint if - and only if - it will cure the deficiencies in the current pleading.

According to the amended complaint, plaintiff is the owner of premises 1782 Frankford Avenue. Amended complaint, 15. Elkhansa is the owner of premises two doors away, at 1778 Frankford Avenue, having purchased the property from Langsam, Sacks, and S&L Investments. Amended complaint, 17. In order to obtain construction permits, Achek, on behalf of Elkhansa, submitted to the City architectural drawings prepared by defendant Whelan, an architect, depicting the development of a 7-unit residence at 1778 Frankford Avenue. Amended complaint, 18-22. Lopez and ALX were retained by Achek and Elkhansa to perform construction work there. Amended complaint, 45.

In late August and early September 2008, ADC and ALX performed construction work at 1778 Frankford Avenue, including excavation to permit the pouring of foundations. Amended complaint, 46-53. On September 13, 2008, the building at 1780 Frankford Avenue collapsed, as the alleged result of the nearby digging. Plaintiff's property at 1782 Frankford Avenue is alleged to have sustained damage to its roof, party wall, windows and sidewalk. Amended complaint, 62. Because of the damage, an "unsafe" violation notice was issued by the Department of Licenses and Inspections, and the issuance of a certificate of occupancy for plaintiff's property was delayed. Amended complaint, 69, 108.

---

the subsequently filed amended complaint. Langsam, Sacks and S&L Investments also have not responded to the amended complaint. There is no proof of service of the amended complaint.

The amended complaint also alleges that City employees wrongfully denied plaintiff a variance to build a third unit at the 1782 Frankford Avenue property. Amended complaint, 109-11. During a visit to the Municipal Services Building to obtain information on other developers' similar requests for variances, plaintiff was handcuffed by security personnel and escorted to the street. Amended complaint, 112-16.

Based on the foregoing, the amended complaint claims $43,000 for damage to plaintiff's building, $50,000 for plaintiff's lost wages while he worked on building repairs, $25,000 in interest paid on his mortgage and construction loans, and $500,000 in lost revenue. It also requests damages for emotional distress, an award of attorneys' fees, and delay damages.

The amended complaint includes claims for negligence, gross negligence, emotional distress, professional negligence, fraud, conspiracy to interfere with civil rights, other conspiracy, and tortious interference. The amended complaint must be dismissed for the following reasons[3]:

1. The amended complaint does not comport with the requirements of Fed. R. Civ. P.

---

[3] Under Fed. R. Civ. P. 12(b)(6), plaintiff's complaint must "put Defendants on notice of the essential elements of Plaintiff's cause of action and raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009), quoting Twombly. The complaint must contain "more than the-defendant-unlawfully-harmed-me accusation." Id. There is a difference between alleging an entitlement to relief - which, by itself, is not sufficient - and showing, through factual allegations, that the entitlement exists. Iqbal, supra. Only a complaint that includes the latter will survive a motion to dismiss.

8, which requires "a short and plain statement of the claim," and "each allegation must be simple, concise and direct." Simpson v. Coatesville, 2010 WL 149895, at *1 (E.D. Pa., filed Jan. 12, 2010) ("rambling and unclear" pleading was dismissed and *pro se* plaintiff granted leave to amend "as legibly, clearly and briefly as possible."); Hoffenberg v. Grondolsky, 2009 WL 5103181, at *4 (D.N.J., filed Dec. 17, 2009) (371-paragraph complaint dismissed and *pro se* plaintiff permitted to amend as follows: "Plaintiff will have one final chance to state his claims. Plaintiff, however, must submit a *clear and concise* pleading. **Plaintiff cannot keep submitting overly lengthy pleadings, cannot keep recycling his prior submissions and should stop substituting facts for conclusory statements.**" Emphasis in original.)

2. Here, the purported basis for federal jurisdiction is a civil rights violation. Under 42 U.S.C. § 1983, such a claim must demonstrate a "deprivation of a right secured by the Constitution and the law of the United States . . . by a person acting under color of state law." Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). The threshold issue is whether plaintiff has been deprived of a right secured by the Constitution. Brown v. Commonwealth, 318 F.3d 473, 476 (3d Cir. 2003). Plaintiff's burden is to identify the exact contours of the underlying right said to have been violated." Berg v. County of Allegheny, 219 F.3d 261, 268 (3d Cir. 2000), quoting County of Sacramento v. Lewis, 523 U.S. 833, 841 n. 5 (1998). The amended complaint does not allege facts identifying any specifically protected right, or any violation by a person acting under color of state law.

4

3. The amended complaint does not allege that any of the City defendants acted outside the scope of their employment. Individual officials are entitled to qualified immunity, so long as their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). A qualified immunity analysis requires that the court ask "[f]irst . . . whether the facts, taken in the light most favorable to the plaintiff, show a constitutional violation. . . . If the plaintiff fails to make out a constitutional violation, the qualified immunity inquiry is at an end; the officer is entitled to immunity." Bennett v. Murphy, 274 F.3d 133, 136 (3d Cir. 2002). Because plaintiff's amended complaint does not adequately set forth a constitutional violation, the following individual defendants - James Gabriel, Edward Devlin, and Frances Burns - are entitled to immunity in this case, and the claims against them must be dismissed.

4. As to the claims against the City, there is no *respondeat superior* liability under § 1983. Monell v. Department of Social Services, 436 U.S. 658 (1978). The amended complaint does not allege that plaintiff's rights were violated as a result of a municipal policy or custom of deliberate indifference. Simmons v. City of Philadelphia, 947 F.2d 1042, 1064 (3d Cir. 1991). The allegations against the City are insufficient - and any § 1983 claim against the City must, therefore, be dismissed.

5. The amended complaint purports to state a claim for conspiracy. However, under Twombly and Iqbal, the absence of facts that satisfy the legal elements of the claim is fatal.

5

See United Brotherhood of Carpenters v. Scott, 463 U.S. 825, 829 (1983). "A plaintiff alleging a conspiracy to violate civil rights must present material facts showing that the purported conspirators reached some understanding or agreement or plotted, planned and conspired together to deprive plaintiff of a protected federal right." Walker v. Hensley, 2009 WL 5064357, at *8, citing D.R. by L.R. v. Middle Bucks Area Voc. Tech. Sch., 972 F.2d 1364, 1377 (3d Cir. 1992). "The mere incantation of the words 'conspiracy' or 'acted in concert' does not satisfy the pleading requirements of a conspiracy claim." Walker, supra, at *9. The amended complaint is devoid of the requisite factual allegations.

6. The amended complaint does not include facts sufficient to describe the basis of any duty owed by any defendant to plaintiff. Therefore, the negligence, gross negligence, and professional negligence claims fail.

7. The amended complaint makes claims for damages for emotional distress. However, it does not allege that plaintiff sustained physical harm as a result of defendants' actions, and it admits that he was not in the vicinity at the time of the collapse. It does not state a cause of action for negligent infliction of emotional distress. Banyas v. Lower Bucks Hosp., 437 A.2d 1236, 1240 (Pa. Super. 1981) (citations omitted).

8. There is no basis alleged for the recovery of attorneys' fees. Drummond v. Drummond, 200 A.2d 887, 889 (Pa. 1964) ("It is the general rule in Pennsylvania that a court is powerless to grant counsel fees in the absence of statutory authorization to the contrary or contractual obligation.").

Accordingly, defendants' motions will be granted and the amended complaint will be dismissed. Plaintiff is granted until Friday, September 10, 2010 within which to file a "First Amended Federal Court Complaint," see order, that satisfies the pleading requirements of the Federal Rules of Civil Procedure. The failure to meet such requirements may warrant the imposition of sanctions. See Fed. R. Civ. P. 11(b) and (c)(1). Plaintiff is again advised to obtain legal counsel.

BY THE COURT:


/s/ Edmund V. Ludwig
Edmund V. Ludwig, J.